## LUTHER CROSS *v.* EDMUND CONNER.

In an action on a promissory note, where the maker, after the statute of limitations had run, said it was a just debt and ought to have been paid but he became poor and could not pay it, but that he would pay one-half of it at a future period if the payee would give up the note;

*Held* that such acknowledgment did not take the case out of the statute of limitations.

ASSUMPSIT by indorsee against maker of a promissory note. Plea, general issue and the statute of limitations. Issues, to the court.

On the trial in the county court, the following facts appeared.—The execution and indorsement of the note were conceded. In the winter of 1839, and after the statute of limitations had run upon the note, it was presented to the defendant, for payment, who then said it was a just debt, and ought to have been paid, but he became poor and could not pay it. He further said he would pay one-half of it the next winter, if Pierce, the payee, would give up the note.

Upon these facts, the county court decided that the cause of action did not accrue within six years, and rendered judgment for the defendant, to which the plaintiff excepted.

*J. A. Vail* and *L. B. Peck*, for plaintiff.
It has been settled, for a great length of time, that the

statute goes upon the presumption of payment from lapse of time, and that a removal of this presumption takes the case out of the statute. *Gailer* v. *Grinnel*, 2 Aik. 349. *Baxter* v. *Penniman*, 8 Mass. 133. 9 do. 452. Bennett, J., in *Evarts* v. *Nason's estate*, 11 Vt. R. 124.

In Massachusetts, Connecticut and New York, the decisions of the courts are more liberal to the creditor than in New Hampshire and Maine, where a rigid construction is given to this statute.

The rule in Connecticut seems to be that an acknowledgement in terms that admits the debt to be unpaid, although the debtor, at the same time, says that he cannot pay anything, removes the statute bar. *DeForrest* v. *Hunt*, 8 Conn. R. 179. 3 do. 131.

The same may be said of the rule in New York, with this qualification, that if at the time of the admission it is accompanied with a protestation against paying the debt, the case is within the statute. 13 Johns. R. 510. 15 do. 3, 511. 11 do. 146. The same doctrine is recognized in Massachusetts. 13 Mass. R. 203. 1 Pick. 223. 22 Pick. 291.

In this state the construction of this statute has been more liberal for the creditor than in either of those states. In *Olcott* v. *Scales*, 3 Vt. R. 173, the court go as far, it is believed, as the plaintiff asks in this case, in order to charge the defendant and take the case out of the statute. In that case, although the defendant acknowledged the debt, in terms which admitted it to be due, at the same time he protested that the debt was a hard case, and declared that he could not pay it, nor any part of it; yet the court held that that case was not within the statute.

And in *Strong* v. *McConnell*, 5 Vt. R. 338, part payment of an account, when, at the time of payment, the defendant insisted that the amount then paid was all he owed the plaintiff, was held to be a removal of the statute bar.

In the last case reported in this state, *Phelps* v. *Stewart & Wood*, 12 Vt. R. 256, the court say 'it is settled law 'in this state that an unqualified acknowledgment of the 'debt as unpaid and still subsisting, is evidence from which a 'new promise to pay is to be inferred. And, in deciding 'what shall amount to such acknowledgment, we have dis-

'carded the old rule of construction, which had nearly opera-
'ted to repeal the statute, and we now hold that the conduct
'and declaration of the party shall be understood in their
'natural and obvious sense, as if applied to any other subject.'
Again the court say that ' the rule to be extracted from the re-
'cent decisions in this state is, that there must be an acknowl-
'edgment of the debt as still due, with an apparent willing-
'ness to remain liable for it, or at least without an avowed
'intention to the contrary.'

In that case *Stewart*, without distinctly admitting that the
debt was then due, offered to pay one half of it, at the same
time saying that *Wood* ought to pay the other half. To
which he added ' that he could not pay Wood's debts, he
' had paid enough for him." This took the case out of the
statute as to one half of the debt, and would as to the whole,
had he not distinctly refused to pay the other half.

In the case at bar, the words of the defendant, when the
note was presented to him for payment, were, ' it was a just
' debt, and ought to have been paid ; but I became poor and
' could not pay it. I will pay one half of it next winter, if
' Pierce (the payee) will give up the note.'

Now it would seem that this case is as strong at least, if
not much stronger for the plaintiff, than the case of *Olcott*
v. *Scales;* the defendant, in the case at bar, not only admit-
ted the debt to be due, if we take the *natural* and *obvious*
meaning of the words spoken, but at the same time said it
was a *just* debt, and ought to have been paid. He then
assigns the reason of its nonpayment, to wit, that he became
poor and could not pay it. In *Olcott* v. *Scales*, although
the defendant admitted that the debt was unpaid, he at the
same time said it was an unjust debt, and that he never
would pay it, or what was equivalent thereto.

It is difficult to perceive why the present case is not equal-
ly as strong for the plaintiff as either of those above cited
from the reports of this state, unless the offer to pay one
half of the note, if the payee would give it up, should de-
tract from the previous admission, or be regarded as equival-
ent to a refusal to pay anything on the note. The defendant,
after admitting the note was a just debt, and that it ought
to have been paid, then offers to pay one half if Pierce, the
payee, will deliver up the note. He does not say that he

never will pay the note, or that one half is all he will pay, neither does he say that he shall rely upon the statute, nor express an unwillingness to remain liable for it. Shall the proposition of the defendant to pay one half of the note, if Pierce would deliver it up to him, destroy the effect of the previous admission? It is insisted on the part of the plaintiff that if the offer of the defendant is not to be regarded as evidence against himself, it certainly cannot be taken against the plaintiff; for if the defendant did not owe the note—if he had paid it,—he would not have made the offer.

The fair conclusion from his admission is that the note is unpaid and still subsisting, and that he intended at some future time to pay it. Certainly there is no reasonable ground to say that he did not intend to remain liable for it. He did not say that he was poor and could not pay it, and if he did, it could not alter the case. See *Olcott* v. *Scales*, before cited, also *De Forest* v. *Hunt*, 8 Conn. R. 179.

*W. Upham*, for defendant.

The evidence contained in the bill of exceptions is not sufficient to avoid the defendant's plea of the statute of limitations.

The law upon this subject, as established in this country, is believed to be ; 1. that a debt barred by the statute of limitations may be revived by a new promise either *express* or *implied* ; 2. That a promise may be *implied* from a direct, unqualified, unconditional acknowledgment of the defendant of a subsisting debt, which he is liable and willing to pay ; but 3. if the acknowledgment is accompanied by any circumstances or expressions which repel the idea of an intention or willingness to pay, no *implied* promise is created and the debt is not revived ; and 4. that a conditional promise to pay a part of a barred debt, where the party refuses to accede to the condition, is not sufficient to take the case out of the statute of limitations, either as a promise to pay, or as an admission of present indebtedness. *Exeter Bank* v. *Sillivan et al*, 6 N, H. R. 124. *McLellen* v. *Albee*, 17 Maine R. 184. *Phelps* v. *Stewart & Wood*, 12 Vt. R. 256. *Barlow* v. *Bellamy*, 7 Vt. R. 54. *Jones* v. *Moore*, 5 Binn. R. 530. *Fins* v. *Boisselet*, 9 Serg. & Raw. 128. *Bailey* v. *Bailey*, 14 Serg. & Raw. 193. *Lawrence* v.

WASHINGTON,
*March,*
1842.

Cross
*v.*
Conner.

WASHINGTON,
March,
1842.

Cross
v.
Conner.

*Hopkins,* 13 Johns. R. 288. *Sands* v. *Gelston,* 15 Johns. R. 511. *Bangs* v. *Hall,* 2 Pick. R. 368. *Whitney* v. *Bigelow,* 4 Pick. R. 110. *Sigourney* v. *Drury,* 14 Pick. R. 387. *Bailey* v. *Crane,* 21 Pick. R. 323. *Marshall* v. *Dalliber,* 5 Conn. R. 480. 5 N. H. R. 154. *Lord* v. *Slaybe,* 3 Conn. R. 131. *Burley* v. *Little,* 3 Greenlf. R. 97. *Porter* v. *Hill,* 4 Greenlf. R. 51, and 159. *Wetzell* v. *Bussard,* 11 Wheat. R. 309. *Bell* v. *Morrison,* 1 Peters' R. 351. Angell on Lim. from 239 to 245. 29 Com. Law R. 319.

In settling the question whether or not the declarations of the defendant, as certified in the record, take the case out of the statute, all that was said must be taken together, and when so taken it is most apparent that he did not intend to waive his defence of the statute of limitations.

The defence is both legal and just, and ought to prevail. *A' Court* v. *Cross,* 11 C. L. R. 124.

The opinion of the court was delivered by

ROYCE, J.—The force of the first clause in the defendant's admission,—' it was a just debt and ought to have been paid,' must depend very much upon the question whether these were the words of the witness, which he employed in detailing the conversation, or were the identical words spoken by the defendant. In the former case we should understand that the defendant admitted it a just debt, and one which ought to be paid, at the time he was speaking of it. For whilst the witness would necessarily express himself in the past tense, because he was speaking of a past transaction, the defendant might more properly be understood to have spoken in the present tense. And if so, his expressions would contain a most explicit and unqualified acknowledgement of the debt as then justly due. From such an acknowledgment a promise to pay the debt would, of course, be implied. And in that case his additional declaration, that he would pay half the amount during the following winter, if the holder of the note would give it up to him, would rather import a willingness to make an extra effort in favor of this particular creditor, than any intended restriction of his liability for the whole amount.

But the counsel on both sides have treated this former

part of the admission as the very words of the defendant; and considering all his declarations together, this seems to be the more natural and consistent way of understanding it. We are, therefore, to consider that the defendant, instead of saying that the debt was *then* justly due, and ought *to be* paid, merely said that it was *originally* or *had been* a just debt and ought *to have been* paid. But this is no more than a frank man would be apt to say of any debt fairly contracted, which had been long barred by the statute. Such expressions do not, by any just implication, import a waiver of protection under the statute. They are consistent with this kind of defence, because they relate to a time past, and do not conflict with the present operation of the statute. It was laid down by Ch. J. Marshall, as long since as the 8 Cranch, ' that it is not sufficient, to take a case out of the ' statute, that the claim should be proved, or be acknowl-' edged to have been originally just ; the acknowledgment ' must go to the fact that it is still due.'

It is contended, however, that where no pretence of payment, or other matter of discharge, is set up, an admission that the debt was once due sufficiently implies that it remains unsatisfied. This is doubtless a legitimate inference, and one that may always be drawn in the absence of evidence to repel it. But, under the more recent constructions of the statute, it is by no means tantamount to an actual admission that the debt is still due. This, standing alone, is considered a recognition of the debt as still binding upon the party ; whereas, a mere admission that it was once due, though it may justify an inference that no payment or discharge has intervened, does not amount to such a present recognition, and cannot prevent the operation of the statute.

Judgment affirmed.